UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| APRIL McDANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-40-TLS |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA and BENDIX | ) | |
| COMMERCIAL VEHICLE SYSTEMS, LLC | ) | |
| LONG TERM DISABILITY PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Vacate Entry of Default and for Leave to File their Answer and Affirmative and Additional Defenses and Counterclaim to the Plaintiff's Complaint (the "Motion to Vacate") [ECF No. 14], filed May 12, 2017, and the Plaintiff's Motion for Default Judgment (the "Motion for Default") [ECF No. 11], filed the same day. On February 1, 2017, the Plaintiff filed her Complaint [ECF No. 1] against the Defendants, The Prudential Insurance Company of America ("Prudential"), and Bendix Commercial Vehicle Systems, LLC Long Term Disability Plan (the "Plan"). The Plaintiff is seeking payment of long-term disability ("LTD") benefits allegedly due to her under a welfare benefit plan sponsored by her employer, Bendix Commercial Vehicle Systems, LLC, and insured by Prudential. On February 1, 2017, the Court issued summonses [ECF No. 3] to the Defendants. On February 3, 2017, the Defendants' counsel was made aware that an action had been commenced by the Plaintiff against the Defendants via a docket monitoring service the Defendants' counsel subscribes to. Thereafter, the Defendants state that their counsel periodically checked the docket in this case for any evidence of service. On Friday, May 5, 2017, the Plaintiff filed an

Application for Clerk's Entry of Default (the "Application") [ECF No. 5], requesting that the Clerk of the Court enter a default against the Defendants under Federal Rule of Civil Procedure 55(a). The Defendants state that as part of a periodic docket review that is typically conducted on Fridays, the Defendants' counsel discovered that the Application was filed. The Defendants also state that they were never made aware that they were served with process in this action, nor did they ever determine that the Plan had been served in any form. The Plaintiff states that she served both Defendants via certified mail on or about March 7, 2017. (Pl.'s Verified Mot. for Entry of Default, ECF No. 5.)

The full address to which the Plaintiff sent the certified mailings for each party is, "The Prudential Insurance Company of America, Disability Management Services, P.O. Box 13480, Philadelphia, PA 19176." (*Id.* ¶¶ 3–4; Certified Mail Receipts, ECF No. 7.) According to the Plaintiff, this P.O. Box is the address to which "many thousands" of disability claims are sent each year. (Mot. ¶ 9, ECF No. 14.) The Plaintiff did not address or direct the certified mailings to any specific individual. (*Id.*)

On Monday, May 8, 2017, the very next business day following the discovery of the Application, the Defendants' counsel contacted the Plaintiff, stating that service had been insufficient, but that the Defendants were willing to defend the case on the merits. (*Id.* ¶ 10.) On May 11, 2017, the Defendants proposed a draft stipulation to the Plaintiff's Counsel by which the parties would "agree to disagree regarding the propriety of service, [the] Plaintiff would withdraw her motion for default, and [the] Defendants would answer the Complaint promptly." (*Id.* ¶ 11.) The Plaintiff's counsel indicated that he would only agree to the stipulation provided if the Defendants produced certain documents to the Plaintiff ahead of any Court-ordered schedule. (*Id.*) The Defendants declined to accept the Plaintiff's demands because of the service of process

issues. (*Id.*) That same day, while the parties continued their discussions, the Clerk of the Court made an entry of default against the Defendants. The Defendants made an appearance thereafter while they finalized their motion papers. (*Id.*)

The Defendants attempted to confer with the Plaintiff one last time before filing their Motion to Vacate, sending an email to the Plaintiff's counsel on May 12, 2017, indicating that the Defendants would be moving to vacate the entry of default. (*Id.* ¶ 12.) The Plaintiff's counsel, in turn, filed the Motion for Default Judgment, hours later. (*Id.*)

## DISCUSSION

Entry of default must be vacated because the Defendants have good cause for the default, took quick action to correct it, and have a meritorious defense to the Complaint. Federal Rule of Civil Procedure 55(c) states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."[1]

An order entering default before the entry of final judgment may be vacated if the moving party shows: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). While the same test applies for motions seeking relief from a default judgment under both Fed. R. Civ. P. 55(c) and Fed. R. Civ. P. 60(b), the test is more liberally applied in the Rule 55(c) context. *Id.* (*citing United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)).

---

[1] The Court does not reach the question of whether it has personal jurisdiction over the Defendants because of the Plaintiff's defective service upon the Defendants, under Rule 60(b)(4). The Court evaluates only the Defendants' argument under Rule 55(c) because the Defendants' requested relief concerns only vacating the default, not dismissing the action. (Mot. to Vacate ¶ 27, ECF No. 14 ("WHEREFORE, for the reasons stated above, Defendants respectfully request that this Court vacate the May 11, 2017, entry of default and allow Defendants leave to file their Answer and Affirmative and Additional Defenses and Counterclaim to Plaintiff's Complaint attached hereto as Exhibit B.").)

3

Here, the Defendants show good cause for the default. The Defendants were not properly notified of the action and had no contact with the Plaintiff or her counsel until after the Application was filed. The Defendants took quick action to correct the default. The Defendant's counsel contacted the Plaintiff's counsel the same day the Application was filed and attempted to reach an agreement, despite the Plaintiff's attempted service. The Defendants' counsel also filed an appearance, despite the Plaintiff's attempted service on May 11, 2017, within hours of the Clerk's Entry of Default, and subsequently filed their Motion to Vacate.

The Defendants have also set forth a meritorious defense to the Complaint, as evidenced by the Defendants' Answer and Affirmative and Additional Defenses and Counterclaim to the Plaintiff's Complaint (the "Answer"), attached as Exhibit B to the Motion to Vacate. The Seventh Circuit has a policy of "favoring trial on the merits over default judgment." *Cracco*, 559 F.3d at 631. Given the Seventh Circuit's lenient standard for the application of Rule 55(c), an answer, combined with a motion to vacate an entry of default is sufficient to show a meritorious defense where, as here, it notifies the plaintiff and the court of the nature of its defense. *Id.*

The Plaintiff argues that the Defendants have failed to show good cause or a meritorious defense. The Plaintiff at one point writes that the Defendants' proposed Answer to the Plaintiff's Complaint is "akin to a 'Did so! Did not!' quarrel on the playground." (Pl.'s Reply to Mot. to Vacate 7, ECF No. 22.) The Court has reviewed the Defendants' proposed Answer and finds that, for the purposes of defeating default, the Defendants have set forth a meritorious defense.[2]

---

[2] The Plaintiff argues that the Defendants' proposed Answer is little more than conclusory, and, therefore, insufficient. Analogously, the Seventh Circuit in *Cracco* assessed the plaintiff's argument that the defendant set forth an insufficient meritorious defense in his answer. *Cracco*, 559 F.3d at 631. There, the defendant wrote: "[w]hile [p]laintiff was on leave, [the defendant] discovered numerous facts and issues substantiating its decision to terminate Plaintiff, and upon the conclusion of his FMLA leave, [p]laintiff was terminated for cause." *Id.* The Seventh Circuit noted that the defendant "did not provide any details about the facts supporting its decision to terminate [the plaintiff]. However, the Seventh Circuit ultimately found:

Accordingly, because the Defendants have shown good cause for the default, took quick action to correct it, and demonstrated a meritorious defense to the Complaint, the entry of default is vacated.

## CONCLUSION

For the forgoing reasons, the Court **GRANTS** the Defendants' Motion [ECF No. 14] and **VACATES** the Entry of Default [ECF No. 9]. The Court **DENIES** the Plaintiff's Motion for Default Judgment [ECF No. 11] and **GRANTS** the Defendants leave to file their Answer and Affirmative and Additional Defenses and Counterclaim to the Plaintiff's Complaint [ECF No. 14-2].

SO ORDERED on August 28, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

> Given the lenient standards that we have established for the application of Rule 55(c), we believe that [the defendant] made a sufficient showing of a meritorious defense. When the motion to vacate is read in conjunction with [the defendant's] answer, [the defendant's] explanation for its decision cannot be characterized as so conclusory as to be fatal. Rather, it notified the plaintiff and the district court of the nature of [the defendant's] defense and provided the factual basis for that defense.

*Id.* Accordingly, the Court, upon review of the Defendants' proposed Answer, finds that the Answer is not "so conclusory as to be fatal." *See id.*